## Grant v. Purdy

*Joseph A. Ryan*, for plaintiffs.
*Robert J. Scallan*, for defendants.

CATANIA, *J.*, May 23, 1974—Defendants have filed exceptions to the decree nisi of Judge C. Norwood Wherry dated December 20, 1973, in which defendants were ordered to "tender, in proper form to convey marketable title, a deed to premises 58 South Providence Road, Nether Providence Township, Delaware County, Pennsylvania, to plaintiffs." The exceptions of defendants center on the contention that the agreement of sale between plaintiffs and defendants was null and void because notice of the plaintiffs-buyers' mortgage commitment went to the cooperating broker rather than defendants-sellers' agent as was required in section 4(g) of the agreement.

On March 17, 1973, plaintiffs and defendants entered into an agreement of sale wherein plaintiffs were to purchase from defendants premises 58 South Providence Road, Wallingford, Pa., for an agreed consideration of $49,000. The commitment date for approval of the mortgage, subsequent to the execution of the agreement, was extended from April 17, 1973, to May 8, 1973. This modification was reduced to writing and signed by the parties.

Paragraph 1 referred to Oliver C. Armitage as agent for the seller. Paragraph 4(F) of the agreement states:

"(F) Mortgage loan application shall be made through the office of: Mortimer L. Drew, and if said mortgage loan cannot be obtained, this agreement shall be null and void. . . ."

Paragraph 4(g), which defendants contend was not complied with, states, inter alia:

"(g) Buyer shall make a completed application in writing to a responsible mortgage lending institution for the aforementioned loan through the office of the agent named in paragraph 4(F), (who for the purpose of negotiating for the said mortgage loan shall be considered the agent of the buyer) within ten (10) days from the date of seller's approval hereof.

". . . If the said commitment is not furnished with the terms as specified herein, or other terms accepted in writing by the buyer, on or before the specified date in paragraph No. 4(c) (May 8, 1973), seller shall have the option at that date or any other time thereafter during the term of this agreement until, but not beyond, the date of receipt of the written commitment by the seller's agent, to declare this agreement null and void by notice in writing to the buyer of his decision to cancel. . . ."

Written notice of the approved commitment was received by Mortimer L. Drew, Realtor, on May 8, 1973. Thereafter, on May 10, 1973, defendants, by written notice, declared the agreement to be null and void because written notice of the mortgage commitment had not been received. Defendants have pursued this point contending that the commitment notice should have gone to Oliver C. Armitage who was their agent and that Mortimer L. Drew was not their agent but plaintiffs' agent.

It is clear from the record of this case that Mortimer L. Drew was acting as a cooperating broker.

A cooperating broker is, in reality, a subagent: Campbell v. Grange, 23 D. & C. 2d 349 (1960). Since there was no contractual relationship between defendants and Drew, he, as a broker, would look to Armitage for his compensation. Drew was considered agent for plaintiffs only for the purpose of negotiating the mortgage loan. Indeed, if plaintiffs had come directly to Oliver C. Armitage concerning the premises in question, Armitage, in all likelihood, would have negotiated the mortgage loan.

The written notice of the mortgage commitment having been received by Drew, as a subagent, within the time required, effectively bars defendants from declaring the agreement null and void because plaintiffs were not in compliance with paragraph 4(g). The notice to the cooperating broker acted as notice to the agent, Armitage, and to defendants: McKnight v. Peoples-Pittsburgh Trust Co., 360 Pa. 290 (1948); Restatement 2d, Agency §283.

Accordingly, we enter the following

## ORDER

And now, May 23, 1974, upon consideration of argument and briefs submitted by respective counsel before this court en banc, it is ordered and decreed that:

1. Defendants' exceptions to adjudication be and the same are hereby dismissed.

2. The decree nisi of Judge Wherry dated December 20, 1973, shall be entered as a final decree by the prothonotary.